# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

---------------------------------------------------
In re:                                                  )       Chapter 11
                                                        )
MILFORD CONNECTICUT                                     )
    ASSOCIATES, L.P.,                                )       Case No. 04-30511 (ASD)
                                                        )
                 Debtor.                                )       Re: Doc. I.D. No. 210
---------------------------------------------------

## MEMORANDUM ORDER ON MOTION FOR STAY
## PENDING APPELLATE PROCEEDINGS

Before the Court at this time, after a hearing held April 11, 2008 (hereafter, the "Hearing"), is the above-captioned Debtor's "emergency" motion for a stay in connection with its prosecution of an appeal of this Court's order of March 10, 2008 (Doc. I.D. No. 201), denying confirmation of the Debtor's *First Amended Plan of Reorganization* (Doc. I.D. No. 98), as modified (hereafter, the "Stay Motion").

In the Stay Motion the Debtor asks this Court to "stay proceedings in this Chapter 11 case pending the District Court's ruling on the Debtor's Motion for Leave to Appeal . . . and, if the appeal is permitted, continue the stay during the duration of the appeal." Although this request for relief is insufficiently precise,[1] this Court will consider the Debtor's prayer to embrace a stay of all contested matters in this case, while recognizing that the Debtor's specific goal is plainly to impede prosecution of the pending *United States Trustee's Amended Motion . . . for Orders either Converting the Debtor's Chapter 11 Case to One under Chapter 11 or Directing the Appointment of a Chapter 11 Trustee* (Doc. I.D. No. 242)

---

[1] The Debtor's request to "stay proceedings" raises the question of whether it is intended to embrace *all* "proceedings" or just certain "proceedings".  In addition, a technical reading of the Debtor's request to stay "proceedings" might well preclude a stay of contested "matters".

(hereafter, the "Conversion/Trustee Motion").[2]

The Stay Motion is governed by a multi-factored analysis distilled by the United States Supreme Court in Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  Under that analysis, the following factors must be considered:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;  (2) *whether the applicant will be irreparably injured absent a stay*;  (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;  and (4) where the public interest lies.

Id. (emphasis supplied).

The most salient factor in the required analysis is "irreparable injury".  Indeed, it is a "threshold" factor; it can – and does in this case – render the other factors inconsequential.  To the extent that an applicant will not be irreparably injured absent a stay, there is no cause justifying the imposition of such a stay.

In this case, the Debtor has failed to establish the irreparable injury necessary to entitle it to the relief it seeks.  First, it is plain that the Debtor will not be "irreparably injured" through the time of this Court's *hearing* of the Conversion/Trustee Motion.  Also, any alleged injury *after* the hearing of that Motion is purely speculative since no one knows, or could know, at this time what, if any, relief this Court may enter in connection with the Conversion/Trustee Motion.  Certain forms of such potential relief may well not cause the

---

[2] The Conversion/Trustee Motion is a consolidated amendment of the following motions: (i) *United States Trustee's Motion for an Order Converting the Debtor's Case to One Under Chapter 7* (Doc. I.D. No. 69) (hereafter, "Motion to Convert") and (ii) *United States Trustee's Motion for an Order Directing the United States Trustee to Appoint a Chapter 11 Trustee* (Doc. I.D. No. 72) (hereafter, "Motion for Trustee").  The hearing on the Conversion/Trustee Motion is presently scheduled for May 22, 2008.

2

Debtor harm, much less irreparable injury.[3]  Simply put, the record before the Court *at this time* does not allow a determination of "irreparable injury"; and under the unique circumstances of this case, the Court declines to speculate whether the Debtor ultimately would be "irreparably injured" by events that may transpire hereafter.

In addition, the Debtor conceded at the Hearing that a stay should not be applicable to the United States Trustee's prosecution of dispositive motions with respect to "new grounds", *i.e.* allegations of misconduct not previously addressed in the original Motion to Convert and/or Motion for Trustee.  The Court notes that the pending Conversion/Trustee Motion appears to contain such "new grounds".

The Debtor has *presently* failed to meet its burden of establishing entitlement to an appellate stay.  Nonetheless, although relief must be denied at this time, the Debtor should not be precluded from renewing its request as the unique circumstances of this case develop over time.  Accordingly,

**IT IS HEREBY ORDERED** that the Stay Motion is **DENIED** without prejudice.

Dated: May 7, 2008                                                    BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[3] It is also worth noting that, even absent a stay, the Debtor continues to enjoy important rights to manage and structure a disposition of its estate.  For example, the Debtor has the present ability to propose and prosecute a second amended plan of reorganization.